## Ickes v. Brechbill

*Joseph P. McKeehan,* for plaintiff.

REESE, P. J., January 25, 1932.—The plaintiff, having obtained judgments against Cyrus A. Brechbill, issued executions, under which the sheriff levied. upon certain goods and chattels. Bruce M. Brechbill, alleged by the plaintiff to be the fifteen-year-old son of the defendant, made claim to some or all of the goods levied upon and gave notice thereof to the sheriff. Whereupon, on November 14, 1931, the sheriff petitioned the court for a rule on the parties interested to show cause why an interpleader issue should not be framed to determine the claimant's ownership of the said goods and chattels. A rule was granted, returnable five days after service, and was duly served by the sheriff on the plaintiff and claimant on November 19, 1931. On November 25, 1931, the plaintiff filed an answer to the petition for the rule, which may be regarded as the plaintiff's exceptions to making the rule absolute, in which the plaintiff denied the claimant's ownership of the goods in question and alleged ownership thereof by the defendant. The plaintiff also contends that the claimant, having failed to show cause why an issue should be framed and having failed to file any answer to the petition for the rule, has abandoned his claim to the goods in question.

The practice in regard to sheriff's interpleader has been materially changed by the Act of June 22, 1931, P. L. 883. Section one provides that the rule to show cause why an issue should not be framed may be taken either by the sheriff or by the claimant. In the first paragraph of section one, where the rule is entered by the sheriff, it is provided, inter alia: "If either the plaintiff or claimant fails to show cause why an issue should be framed, such failure shall be considered an abandonment of his claim as respects said execution or process on [or?] the goods and chattels claimed." In view of this provision, the contention of the plaintiff seems to be well taken that the claimant's failure to file any answer to the rule and his failure to show in any other manner why an issue should be framed must be deemed an abandonment of his claim to the goods and chattels in question.

That this is a proper construction of the portion of section one above quoted is shown by rules of court recently adopted in Philadelphia County in connection with sheriff's interpleader. Rule 72 provides, inter alia: "On or before the return day of the rule, the claimant shall file his answer thereto," followed by provisions as to the contents of the answer. Rule 73 provides: "If the claimant abandon his claim by failing to file an answer to the rule on or before the return day thereof, the sheriff shall proceed with the sale. A certified copy of the docket entries showing no answer filed shall be a justification for the sheriff in so proceeding."

Since we do not yet have new rules of court to fit the change in practice wrought by the new sheriff's interpleader statute, and there is no provision in our rules for a certificate from the prothonotary to justify the sheriff in proceeding with the sale, it seems necessary for an order of court to give the sheriff that justification.

Wherefore, January 25, 1932, the rule to show cause why an interpleader issue should not be framed is hereby discharged, and the sheriff is directed to proceed in obedience to the writs of fi. fa.

From Francis B. Sellers, Carlisle, Pa.